# IN THE UNITED STATED DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, WINCHESTER DIVISION

| | |
|---|---|
| **CINDEE BATEY, INDIVIDUALLY AND AS SURVIVING SPOUSE OF RAY DEAN BATEY, DECEASED,** § § § § *PLAINTIFF* § § VS. § § **TIME MANUFACTURING COMPANY; O.G. HUGHES AND SONS, INC.; TRH CONSULTING, INC.; AND VERSALIFT TENNESSEE, LLC D/B/A VERSALIFT SOUTHEAST.** § § § § § *DEFENDANTS* | **CIVIL ACTION NUMBER:** _____ **JUDGE**_____ **JURY DEMANDED** |

## COMPLAINT

## PARTIES

1. Plaintiff, Cindee Batey, is a citizen of Manchester, Coffee County, Tennessee. She is the surviving spouse of Ray Dean Batey, deceased, and has been named the personal representative of the Estate of Ray Dean Batey.

2. Defendant, Time Manufacturing Company is a Texas corporation, with its principal office/place of business at 7601 Imperial Drive, Waco, Texas, 76712. It may be served by delivering a copy of the summons and of the complaint to the registered agent, Curt S. Howell at 7601 Imperial Drive, Waco, Texas 76712.

3. At the time of the conduct and events giving rise to this action, Defendant O.G. Hughes and Sons, Inc. was a Tennessee corporation with its principal office/place of business at 4816 Rutledge Pike, Knoxville, Tennessee, 37914. Its registered agent for service of process is Thomas R. Hughes.

4. On or about August 9, 2018, subsequent to the events that gave rise to this cause of action, O.G. Hughes and Sons, Inc. changed its name to TRH Consulting, Inc., a Tennessee corporation whose registered agent for service of process is Thomas R. Hughes, 9301 Cameron Road, Mascot, Tennessee, 37806-1727. On or about September 10, 2018, Defendant TRH Consulting, Inc. was dissolved. For the remainder of this document, O.G. Hughes and Sons, Inc. and TRH Consulting, Inc. are referred to collectively as O.G. Hughes and Sons, Inc. or O.G. Hughes.

5. Upon information and belief, subsequent to the conduct and events that gave rise to this action O.G. Hughes and Sons, Inc. was acquired and its liabilities assumed by Versalift Tennessee, LLC and/or Time Manufacturing Company.

6. Upon information and belief, Defendant Versalift Tennessee, LLC is a limited liability company formed under the laws of the District of Columbia that does business as Versalift Southeast. Versalift Tennessee, LLC's principal address is 7601 Imperial Drive, Waco, Texas 76712-6608 and its registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

7. Upon information and belief, Versalift Tennessee, LLC is wholly owned by Defendant Time Manufacturing Company, which is the only member of the limited liability corporation.

8. Pursuant to Tenn. Code Ann. § 48-24-105, dissolution of O.G. Hughes and Sons, Inc. does not preclude commencement of an action against this defendant. However, due to the dissolution and the apparent acquisition of the business, including liabilities, by Defendant Versalift Tennessee, LLC and/or Defendant Time Manufacturing Company, upon information and belief O.G. Hughes and Sons, Inc. is a formal or nominal party

whose citizenship should be disregarded for purposes of determining diversity jurisdiction.

## JURISDICTION

9. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) in that diversity of citizenship exists between Plaintiff and Defendants who are real and substantial parties to the controversy and the amount in controversy exceeds the sum of seventy-five thousand and no/100 dollars ($75,000.00), exclusive of costs and interest.

10. This Court may exercise personal jurisdiction over the Defendants because they transact business in the State of Tennessee and the product that is the subject of this lawsuit caused injury in the State of Tennessee.

## VENUE

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS

12. On or about July 9, 2018, Ray Dean Batey, an employee of Duck River Electric Membership Corporation (DREMC), was assigned to a service call to change a light on a utility pole located at 2758 Norton Branch Road, Beechgrove, Coffee County, Tennessee.

13. To perform the work, Batey used a Versalift aerial device (Model No. VST-47I) that had been installed on a utility truck owned by DREMC. The truck in question is known as Truck No. 23.

14. The Versalift VST-471 (hereinafter "the Versalift" or "the Product") is an aerial device which is intended to permit operators to reach elevated work spaces, including electric

utility/power lines. When aerial devices such as the Versalift are mounted on vehicles, the vehicles are commonly referred to as "bucket trucks."

15. The "boom" or "arm" of the Versalift that lifts the bucket into the air, and the controls for the Versalift were powered by pressurized hydraulic fluid.

16. Hydraulic fluid is and was flammable.

17. On July 9, 2018, while Mr. Batey was working on the light on a utility pole at 2758 Norton Branch Road, Beechgrove, Coffee County, Tennessee, the bucket and attaching hydraulic componentry on Truck #23 suddenly caught fire due to, upon information and belief, the ignition of leaking hydraulic fluid.

18. The hydraulic fluid was leaking in the area where the fire ignited because of a defective and unreasonably dangerous design of the Versalift.

19. Mr. Batey attempted to lower the bucket to a position of safety. However, due to the fire, Mr. Batey was unable to lower the bucket to a position of safety and was forced to release his safety harness and jump from the bucket. When Mr. Batey jumped from the bucket to the ground below, he suffered significant personal injuries, which ultimately resulted in his untimely death on July 9, 2018.

20. Ray Dean Batey is survived by his wife, Plaintiff Cindee Batey.

21. Defendant Time Manufacturing Company designed and manufactured the Versalift.

22. The Versalift in question was manufactured on or about December 1, 2014.

23. Defendant O.G. Hughes and Sons, Inc. installed the Versalift in question on DREMC Truck No. 23.

24. Around March 2015, DREMC purchased the Versalift bucket truck in question, the truck known as DREMC Truck No. 23, from Defendant O.G. Hughes and Sons, Inc.—the local distributor of Versalift systems.

25. During the short time DREMC owned Truck No. 23, multiple hydraulic fluid leaks developed at the fittings attaching the hydraulic lines to a component of the Versalift known as the TruGuard™ system.

26. The TruGuard™ system, which is attached to the outside of the bucket on a Versalift aerial device, is designed to insulate an operator in the bucket from the risk of an electric current. One of the main components of the TruGuard™ is a plastic insulating divider beneath the upper controls of the bucket. Directly beneath and directly above this divider are threaded fittings, which connect the hydraulic lines.

27. DREMC contacted O.G. Hughes about the hydraulic fluid leaks on Truck No. 23 on numerous occasions.

28. In addition to its role as the assembler and local distributor of Versalift systems, O.G. Hughes also provided repair and maintenance services for Versalift bucket trucks.

29. O.G. Hughes repeatedly inspected the hydraulic fluid leaks on Truck No. 23 and attempted to repair them. However, the hydraulic fluid leaks continued, requiring multiple services calls by O.G. Hughes.

30. In addition to the subject bucket truck (Truck No. 23), DREMC also purchased another bucket truck equipped with a Versalift VST-471– Truck No.106.

31. During the course of DREMC's ownership of Truck No.106, it also developed multiple hydraulic fluid leaks in and around the TruGuard™ system.

32. Approximately six months prior to the incident involving Mr. Batey, upon information and belief, a fire started near the TruGuard™ system on Truck No.106 after a hydraulic fluid leak had developed at that location.

33. Upon information and belief, following this fire on Truck No.106, DREMC contacted O.G. Hughes and/or Time Manufacturing to make repairs to that truck.

34. In response, O.G. Hughes and/or Time Manufacturing ordered and installed certain replacement parts on Truck No. 106.

35. Upon information and belief, this replacement part changed the design of the TruGuard™ system to eliminate threaded fittings at the location where the hydraulic fluid leaks had been occurring.

36. The repair/modification O.G. Hughes and/or Time Manufacturing performed on Truck No. 106 approximately six months before the incident that is the subject of this lawsuit caused the hydraulic lines to pass directly through the area of the TruGuard™ system without the need for a fitting.

37. This repair/modification was, however, never suggested, offered, or installed by O.G. Hughes and/or Time Manufacturing on Truck No. 23, despite the known presence of multiple repeated hydraulic fluid leaks on Truck No. 23, just as on Truck No. 106.

38. Approximately six months prior to the incident involving Mr. Batey, Time Manufacturing announced Version 2.0 of the TruGuard™ system.

39. Among other features, Version 2.0 of the TruGuard™ system eliminated several hydraulic components and caused the hydraulic lines to run through the insulator and directly into the encased TruGuard™ system. This eliminated the threaded hydraulic line fittings previously located directly beneath and above the insulator.

40. Upon information and belief, soon after the incident involving Mr. Batey, Defendant Time Manufacturing Company acquired its local distributor, Defendant O.G. Hughes and Sons, Inc.

41. Upon information and belief, Time Manufacturing Company acquired O.G. Hughes through a limited liability company of which Time Manufacturing Company is the sole member. That limited liability company is Defendant Versalift Tennessee, LLC d/b/a Versalift Southeast.

42. Time Manufacturing Company and/or Versalift Tennessee, LLC d/b/a Versalift Southeast are the successors to the legal liabilities of O.G. Hughes and Sons, Inc.

## COUNT I
## STRICT LIABLITY

43. The Plaintiff incorporates by reference all other paragraphs in this Complaint as if fully set forth herein, and further alleges:

44. This action is a "product liability action" as that term is defined in Tenn. Code Ann. § 29-28-102(6). This action includes all theories of liability set forth in said definition, including, but not limited to, strict liability in tort; negligence; breach of warranty, express or implied; misrepresentation, concealment, or non-disclosure, whether negligent or innocent; or, any other subsequent legal theory in tort or contract. As required by the Tennessee Product Liability Act, it is specifically alleged that the Versalift was in a defective condition and/or was unreasonably dangerous, as those terms are defined in The Tennessee Product Liability Act of 1978.

45. Defendant Time Manufacturing Company is a manufacturer of the Versalift as defined in Tenn. Code Ann. § 29-28-102(4).

46. Defendant O.G. Hughes and Sons, Inc., and its successors in interest, are manufacturers of the Product as defined in Tenn. Code Ann. § 29-28-102(4).

47. Defendant Time Manufacturing Company designed, manufactured, sold and placed into the stream of commerce a defective and/or unreasonably dangerous product - the Versalift - which proximately caused serious injuries to and the wrongful death of Ray Dean Batey.

48. Defendant O.G. Hughes and Sons, Inc., and its successors in interest Time Manufacturing Company and/or Versalift Tennessee, LLC d/b/a Versalift Southeast, manufactured, sold and placed into the stream of commerce a defective and/or unreasonably dangerous product - the Versalift - which proximately caused serious injuries to and the wrongful death of Ray Dean Batey.

49. The defective and unreasonably dangerous nature of this product included, but is not limited to, the propensity of the Versalift Model VST-47I to develop hydraulic fluid leaks in and around an area that was susceptible to possible ignition sources.

50. The product in question was expected to and did reach the user without substantial change in condition.

## COUNT II
## NEGLIGENCE

51. The Plaintiff incorporates by reference all other paragraphs in this Complaint as if fully set forth herein, and further alleges:

52. The Defendants owed a duty to Ray Dean Batey to use reasonable care in designing, manufacturing, servicing, repairing and maintaining the Versalift.

53. The Defendants, including acting through their agents and employees, breached their duty by failing to use reasonable care in the design, manufacture, servicing, repair and

maintenance of the Versalift. Such breach of duty caused injury to and the death of Ray Dean Batey.

54. Defendants were additionally negligent, including but not limited to, the failure to perform adequate repairs and servicing of Truck No.23, and the failure to recommend and utilize a known repair for the ongoing hydraulic fluid leaks on Truck No. 23. This negligence proximately caused the injuries to and death of Ray Dean Batey.

## PROXIMATE/LEGAL CAUSE

55. Each and every one of the above acts and omissions and defects constitute a proximate and/or legal cause of the occurrence and the Plaintiff's damages.

## WRONGFUL DEATH AND SURVIVAL

56. Cindee Batey, as the surviving spouse of Ray Dean Batey, brings a wrongful death action stemming from the death of her husband, decedent Ray Dean Batey.

## DAMAGES

57. As a direct and proximate result of Defendants' conduct and the defective product, Ray Dean Batey suffered damages, including mental and physical suffering, physical pain and mental anguish, medical expenses, and funeral expenses.

58. As a result of Mr. Batey's death, Cindee Batey suffered, and will continue to suffer damages, including pecuniary loss, mental anguish, loss of consortium, companionship, and society.

## PRAYER

59. For these reasons, Plaintiff asks for judgment against Defendants for the following:
    a. A jury trial on all the issues so triable;

b. An award of judgment against the Defendants, jointly and severally as applicable, for compensatory damages in an amount exceeding $20,000,000.00;

c. To the extent it may be claimed to be applicable, that T.C.A. §§ 29-39-101, et seq. be deemed unconstitutional;

d. Interest on such judgment as allowed by law;

e. The costs of this cause, including discretionary costs, and;

f. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**KINNARD, CLAYTON & BEVERIDGE**

BY: s/ Randall L. Kinnard
**RANDALL L. KINNARD**
BPR No. 004714
**MARY ELLEN MORRIS**
BPR No. 013356
127 Woodmont Blvd.
Nashville, TN 37205
P: 615-297-1007
F: 615-297-1505
rkinnard@kcbattys.com
mmorris@kcbattys.com

*ATTORNEYS FOR PLAINTIFF*